SABERS, Justice
(concurring specially).
[¶ 17.] I write specially to point out that the issue whether the trial court erred in determining the will was revoked is moot. SDCL 29A-2-804 indicates that any property dispositions in the 1985 will from Brian to Suzanne were revoked due to the subsequent divorce. The statute provides in relevant part:
(b) Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after *927 the marriage, divorce, or annulment, the divorce or annulment of a marriage:
(1) Revokes any revocable (i) disposition or appointment of property made by a divorced individual to a former spouse in a governing instrument....
SDCL 29A-2-804.
[¶ 18.] Therefore, if the will was revoked, Brian and Jan would take all through the rules of intestacy. If the will was not revoked, then they would take as the sole contingent beneficiaries of the will because SDCL 29A-2-804 revokes any property dispositions to Suzanne in the will.